IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AUDREY D. SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | CV 13-142-BLG-SEH-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pending is Defendant Commissioner of Social Security's ("Commissioner") Motion to Dismiss *(ECF 10)* Plaintiff Audrey D. Scott's ("Scott") Complaint for lack of subject matter jurisdiction. For the reasons stated below, the Court recommends that the Commissioner's motion be granted and that this case be dismissed.

I.  **BACKGROUND**

On October 19, 2011, an Administrative Law Judge ("ALJ") issued a fully favorable decision finding Scott to be disabled beginning January 1, 2003. *Declaration of Robert Weigel (ECF 11-1) at ¶3(a)*. The decision also reopened a prior application filed on July 17, 2006, and based benefit payments on that application. *Id*. A copy of the

decision was mailed to Scott on October 19, 2011. *Not. of Decision (ECF 11-1 at 5).* Scott requested review of this decision, and on July 5, 2013, the Appeals Council mailed notice to Scott of its action denying her request for review, and of her right to commence a civil action within 60 days. *Weigel Dec. (ECF 11-1) at ¶3(a); Not. of Appeals Council Action (ECF 11-1 at 15).*

On September 5, 2013, Scott filed a document described as a "Request For An Extension Of Time To File A Civil Action" with the Office of Disability Adjudication and Review ("ODAR") in Billings, Montana. *ECF 11-1 at 19-20.* Her request states:

> This serves as my request to file a civil action and court review. I am going to file a complaint in the United States District Court of Montana. More information is to come. I just want to ensure that my date of next appeal is protectively filed as of today' (sic) date of September 5, 2013.

*ECF 11-1 at 20.* The Social Security Administration did not take action on this request "because it was filed with the ODAR Hearing Office in Billings, Montana, instead of with the Appeals Council as required by 20 CFR § 404.982." *Weigel Dec. (ECF 11-1) at ¶3(b).* Scott filed a civil action in this Court on November 5, 2013. *Id. at ¶3(c); Cmplt (ECF 3)*

*at 1.*

On February 12, 2014, the Commissioner filed the pending motion to dismiss. The Commissioner argues that Scott's complaint fails to state a claim upon which relief can be granted because it was not filed within 60 days after Scott received the Commissioner's final decision. *See Deft's Mem. in Support of Mtn. to Dismiss (ECF 11) at 2, 4.* To date, Scott has not responded to this motion, and the deadline for doing so has passed. *See* Local Rule 7.1(d)(1)(B) (providing that responses to motions to dismiss must be filed within 21 days after the motion was filed).

## II. **<u>DISCUSSION</u>**

Initially, the Court notes that the Commissioner's motion seeks dismissal based upon lack of subject matter jurisdiction and improper venue, yet her brief argues for dismissal based upon a failure to state a claim upon which relief may be granted. Any contention that the 60-day limit in 42 U.S.C. § 405(g) is jurisdictional is incorrect. The Ninth Circuit has held that "[t]he 60-day period [contained in 42 U.S.C. § 405(g)] is not jurisdictional, but instead constitutes a statute of

limitations." *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (citing *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 763-64 (1975)).  The only jurisdictional requirement of 42 U.S.C. § 405(g) is that there be a final decision of the Commissioner.  *Id*. at 1277.  Therefore, Scott's complaint should not be dismissed for want of subject matter jurisdiction.  *See Vernon*, 811 F.2d at 1279 (finding that "[t]he district court erred in holding that the 60-day period in § 405(g) is jurisdictional").  This does not end the Court's inquiry, however, as the crux of the Commissioner's argument is that Scott's complaint should be dismissed because it was not timely filed.

Judicial review of the Commissioner's final decisions is governed by 42 U.S.C. §§ 405(g) and (h), which provide, in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow...
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as

> herein provided...

The Commissioner has interpreted "mailing" as the date of receipt by the claimant of the Appeals Council's notice of denial of request for review. 20 C.F.R. § 422.210(c). The date of receipt is presumed to be five days after the date of the notice, absent a contrary showing made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c). A party may obtain an extension of time to file a Federal court action by filing a request with the Appeals Council demonstrating good cause for the extension. 20 C.F.R. § 404.982. The substance of these regulations was explained to Scott in the Notice of Appeals Council Action. *See Notice of Appeals Council Action (ECF 11-1 at 16)*.

In a similar case, the Ninth Circuit affirmed the dismissal of a case as untimely where the claimant had exceeded the 60-day time limit for filing suit. *See Banta v. Sullivan*, 925 F.2d 343 (9th Cir. 1991). In *Banta*, after the ALJ's initial denial of benefits, the Appeals Council denied the claimant's request for review and advised her of her right to seek judicial review within 60 days. *Id*. at 344. The claimant sent the Appeals Council a letter seeking an extension of time, to which the

Appeals Council did not respond. *Id.* Subsequently, the Appeals Council notified the claimant by letter that it had not found a basis for vacating its previous action. *Id.* The claimant then filed her complaint after the 60-day time period had expired. *Id.* The Ninth Circuit rejected the claimant's argument that the Appeals Council's subsequent letter reopened her case, noting that this would "frustrate Congress's intent to limit judicial review to the original decision denying benefits and thereby forestall repetitive or belated litigation of stale eligibility claims." *Id*. at 345 (citing *Califano v. Sanders,* 430 U.S. 99, 108 (1977)) (internal citations omitted). The Ninth Circuit thus affirmed the district court's dismissal of the complaint as untimely. *Id*. at 346.

Here, the Court concludes that Scott's complaint should similarly be dismissed as untimely. Absent any showing to the contrary, the Court must presume Scott received the Notice of Appeals Council Action on July 10, 2013, five days after the July 5, 2013 notice date. *See* 20 C.F.R. §§ 404.901, 422.210(c). Therefore, the 60-day limitations period ran on September 9, 2013. As evidenced by the Clerk of Court's "received by" stamp (*see Complaint (ECF 3) at 1*), Scott's complaint was

filed on November 5, 2013 – nearly one month after the limitations period ran. *See* Local Rule 3.1(b) ("The filing date will be the date of the clerk's receipt of all required materials").

Because it operates as a condition on the waiver of sovereign immunity, the 60-day statute of limitations enumerated in § 405(g) must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (citing *Block v. North Dakota*, 461 U.S. 273, 287 (1983)); *see, e.g.*, *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of only one day). Because Scott failed to file by September 9, 2013, the complaint must be dismissed as untimely. *See Banta*, 925 F.2d at 346.

Furthermore, Scott has failed to show the Court any equitable circumstances justifying tolling the limitations period. *See Bowen*, 476 U.S. at 480 (courts may extend the 60-day period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate") (internal quotations omitted). While it appears that Scott attempted to file a request for an extension of the limitations period on September 5, 2013, her request was

improperly filed with the ODAR office in Billings, Montana, rather than with the Appeals Council. *See* 20 C.F.R. § 404.982 ("The request must be filed with the Appeals Council..."). Moreover, Scott's request seeks an unspecified amount of additional time to file her complaint, and makes no showing of "good cause" as required by the regulation. *Id.* ("If you show that you had good cause for missing the deadline, the time period will be extended"). Because Scott's request fails to address the base requirements of the regulation, and the Appeals Council did not grant it, the limitations period is unaffected. *See Banta*, 925 F.2d at 344.

Finally, as stated above, Scott has not responded to the Commissioner's motion. She therefore has not asserted any reasons for equitable tolling of the statute of limitations, or explanation for why her request for an extension of time should have been granted. Absent this showing, the Court can find no grounds for equitable tolling. *See also L.R. 7.1(d)(1)(B)* ([F]ailure to file a response brief may be deemed an admission that the motion is well-taken").

### III. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Commissioner's Motion to Dismiss (*ECF 10*) be **GRANTED**, and Scott's Complaint (*ECF 3*) be **DISMISSED WITH PREJUDICE**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 25th day of March, 2014.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge